UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANDRA BETTERS

                              Plaintiff,

    v.

NARDIN ACADEMY, MARSHA SULLIVAN,
MICHAEL LAWLEY, FRANK EWING,
LUKE JACOBS, CHARLIE CHIAMPOU,
PATRICIA LORENCE, KENT LORENCE AND
THERESE FORTON-BARNES

                          Defendants.

**DECLARATION OF
D. CHARLES ROBERTS JR.**

Civ. No. 1:23-CV-00882

---

D. CHARLES ROBERTS JR., pursuant to 28 U.S.C. §1746, hereby declares as follows:

1. I am an attorney with the law firm of Gross Shuman, P.C., counsel for Defendant, Luke Jacobs, and am admitted to practice before this Court. I am fully familiar with the facts and circumstances underlying this action.

2. I submit this Declaration in further support of Defendant's motion for an Order pursuant to 9 U.S.C. § 5 for appointment of an arbitrator.

3. Mr. Jacobs joins in and incorporates the Nardin Defendants' Memorandum of Law in Further Support of Motion to Appoint Arbitrator (Dkt. 116).

4. Plaintiff's opposition to the Motion is misleading and avoids the issue. Plaintiff argues that Defendants' "initial request" was for the Court to "refer this matter to AAA for an unbiased arbitrator selection process…" (Dkt. 115, p. 2). Defendants did not ask the Court to direct this matter to AAA to *select an arbitrator*. Rather, Defendants simply indicated the AAA rules would control the arbitration procedurally.

5.    That Plaintiff goes to such great lengths to set forth what she describes as Defendants' "disproportionate response" to Plaintiff's rejection of Defendants' proposed arbitrators shows the lack of merit to Plaintiff's position.  Plaintiff is clearly attempting to distract the Court from the undisputed fact that the Employment Agreement fails to provide any method to appoint an arbitrator (Dkt. 108-2) and that 9 U.S.C. § 5 provides that, under such circumstances, the Court <u>shall</u> designate and appoint the arbitrator. (9 U.S.C. §5).

6.    Plaintiff's argument in opposition is circular and without merit.  Plaintiff concedes that 9 U.S.C. § 5 <u>requires</u> the Court to appoint an arbitrator where the agreement is silent but, in the same breath, argues that the statue is inapplicable because "the parties have agreed to arbitrate under the AAA, which does specify its appointment method."  To be sure, the Employment Agreement is silent on the issue and Defendants have not agreed to have the AAA make the appointment of the arbitrator.

7.    Plaintiff offers no authority or legitimate basis for the Court to disregard 9 U.S.C. § 5.

8.    Plaintiff's attempt to manufacture a judicial disclosure requirement is suspect and without authority.  The Court has handled this matter since inception in August, 2023 – just under a year.  At no point prior to her opposition to the instant motion has Plaintiff raised any "disclosure requirements" or issue with the Court.  It raises the question of why now?  Perhaps Plaintiff is hoping for more press in *The Buffalo News* before the matter heads to confidential arbitration.

9.    Mr. Jacobs joins with the Nardin Defendants in respectfully requesting that the Court appoint one of the candidates Defendants have identified to serve as arbitrator, or another qualified and disinterested arbitrator located in Erie County or the Western New York area.

I declare under the penalty of perjury that the foregoing is true and accurate.

DATED:   Buffalo, New York
           July 29, 2024

                                                                   D. Charles Roberts Jr., Esq.

TO:     ALL NAMED PARTIES (*via* PACER)

Doc #1190231.1