UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANDRA BETTERS,

        Plaintiff,

    v.                                  23-CV-882 (JLS)

NARDIN ACADEMY, MARSHA
SULLIVAN, MICHAEL LAWLEY,
FRANK EWING, LUKE JACOBS,
CHARLIE CHIAMPOU, PATRICIA
LORENCE, KENT LORENCE, AND
THERESE FORTON-BARNES,

        Defendants.

_____

## DECISION AND ORDER

On June 7, 2024, this Court ordered that Plaintiff's claims against

Defendants Nardin Academy, Marsha Sullivan, Charlie Chiampou, Luke Jacobs,

Michael Lawley, and Frank Ewing shall proceed to arbitration. Dkt. 106 at 1. The

Court further ordered that, pursuant to 9 U.S.C. § 5, arbitration shall take place

before a single arbitrator in Buffalo, New York. *Id.* The Court stayed the balance of

the case pending that arbitration. *Id.* at 1-2. The Court also directed the parties to

file a joint status report identifying an agreed-upon arbitrator. *Id.* at 2.

On June 21, 2024, the parties informed the Court that they had been unable

to agree upon an arbitrator. Dkt. 107. Nardin Academy, Sullivan, and Chiampou

then moved for appointment of an arbitrator. Dkt. 108. They request that the

Court appoint either "an arbitrator from the list of qualified candidates" that they

have identified or "some other qualified and disinterested arbitrator in the Court's discretion." *See* Dkt. 108-14 at 6. Jacobs joined in that motion. Dkt. 111. Plaintiff responded in opposition, arguing that "this matter should be referred to AAA arbitration under the employment rules." Dkt. 115. Nardin Academy, Sullivan, Chiampou filed a reply in further support of their motion. Dkt. 116. Jacobs joined in that reply. Dkt. 117.

A "district court has the duty under FAA § 5 to step in and appoint an arbitrator if," as relevant here, "there is a lapse in the naming of the arbitrator." *Stop & Shop Supermarket Co. LLC v. United Food & Com. Workers Union Loc. 342, AFL-CIO, CLC*, 246 F. Appx 7, 11 (2d Cir. 2007). *See* 9 U.S.C. § 5 ("If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein . . . then upon the application of either party to the controversy the court shall designate and appoint an arbitrator . . . ."). The "'lapse' referred to in Section 5 is 'a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process,' including a 'deadlock' in the naming of an arbitrator." *Odyssey Reinsurance Co. v. Certain Underwriters at Lloyd's London Syndicate 53*, 615 F. App'x 22, 22–23 (2d Cir. 2015).

This Court has reviewed the initial briefing on the motions to compel arbitration, the current briefing on the motions to appoint, and the oral argument that took place on May 30, 2024. Based on the facts and arguments therein, the

Court concludes that there has been no agreement among the parties on the selection of an arbitrator, or on the use of the AAA's selection process. The Court, therefore, must appoint an arbitrator pursuant to 9 U.S.C. § 5.

The Court is familiar with the individuals below and has studied their extensive qualifications. As such, it is hereby ORDERED that the motions at Dkt. 108 and 111 are GRANTED in part and DENIED in part as follows:

**Eugene F. Pigott, Jr.** shall serve as the arbitrator.

If he certifies to the parties that he cannot or will not accept the appointment, then **Barbara Howe** shall serve the arbitrator. If she certifies that she cannot or will not accept the appointment, then **Paul Nunes** shall serve as the arbitrator. If he certifies that he cannot or will not accept the appointment, then **Eugene M. Fahey** shall serve as the arbitrator. If he certifies that he cannot or will not accept the appointment, then **Jody Briandi** shall serve as the arbitrator.

SO ORDERED.

DATED:    July 31, 2024
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE